Stacey H. Wang (SBN 245195)
Qian (Sheila) Shen (SBN 332048)
Shardul Desai (*pro hac vice forthcoming*)
Alex Englander (*pro hac vice forthcoming*)
HOLLAND & KNIGHT LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel.: 213.896.2400
Fax: 213.896.2450
E-mail: stacey.wang@hklaw.com
        qian.shen@hklaw.com
        shardul.desai@hklaw.com
        alex.englander@hklaw.com

*Attorneys for Defendant*
*Aspen Technology Labs, Inc.*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOBIAK, LLC, a Delaware Limited Liability Company,<br><br>Plaintiff,<br><br>v.<br><br>ASPEN TECHNOLOGY LABS, INC., a Colorado Corporation,<br><br>Defendant. | Case No.: 2:23-cv-8728<br><br>[*Assigned to the Hon. Dale S. Fischer, United States District Judge*]<br><br>**DEFENDANT ASPEN TECHNOLOGY LABS, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>[File concurrently with [Proposed] Order]<br><br>Date: January 29, 2024<br>Time: 1:30 p.m.<br>Place: 350 W. 1st Street<br>Ctrm: 7D<br><br>Case filed: October 17, 2023 |

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, California 90071
Tel: (213) 896-2530
Fax: (213) 896-2450

**TO PLAINTIFF JOBIAK, LLC AND ITS ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on January 29, 2024, or as soon thereafter as this matter may be heard in Courtroom 7D of the above-entitled court, located at 350 W. 1st Street, Los Angeles, California, Defendant Aspen Technology Labs, Inc. will and hereby does move to dismiss Jobiak, LLC's Complaint, pursuant to Fed. R. Civ. Proc. 12(b)(2), 12(b)(3), and 12(b)(6). Plaintiff's Complaint (ECF 1) does not contain any allegations pursuant to which this Court may properly exercise personal jurisdiction over Defendant; venue is not proper in this judicial district; and the Complaint fails to state any plausible claim for relief, including for violation of California Business & Professions Code § 17200 et seq. ("UCL"). All claims asserted in the Complaint should therefore be dismissed.

This Motion is based on this Notice of Motion and Motion, the attached memorandum of points and authorities, and the pleadings, and such other evidence and argument as may be allowed at the hearing of this Motion.

This Motion is made following the conference of counsel pursuant to Local Rule 7-3 which took place on December 11, 2023.

Dated:  December 22, 2023             HOLLAND & KNIGHT LLP

/s/  *Stacey H. Wang*

*Attorneys For Defendant*
*Aspen Technology Labs, Inc.*

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, California 90071
Tel: (213) 896-2530
Fax: (213) 896-2450

2

1

# **TABLE OF CONTENTS**

2

**Page**

3

TABLE OF AUTHORITIES…………………………………………………...iii

MEMORANDUM OF POINTS AND AUTHORITIES.................................. 1

I.    BACKGROUND ................................................................................ 2

II.   THE COMPLAINT SHOULD BE DISMISSED FOR LACK OF PERSONAL JURISDICTION AND FOR IMPROPER VENUE ................. 3

    A.   This Court Lacks Personal Jurisdiction Over Aspen Tech. .................. 3

        1.   The Complaint Concedes Facts Establishing That the Court Cannot Exercise General Jurisdiction Over Aspen Tech ............... 4

        2.   Plaintiff's Claims Do Not Allege Sufficient Minimum Contacts For This to Court to Exercise Specific Jurisdiction........................ 4

            a.   Aspen Tech Did Not Purposely Direct Any Activities at California. ................................................................................ 5

        3.   Plaintiff's Alleged Injuries Do Not Arise Out of Any Forum-Directed Activities by Aspen Tech ................................................. 8

        4.   Exercising Personal Jurisdiction Over Aspen Tech Would Not be Fair or Reasonable ...................................................................... 9

    B.   This Forum is the Improper Venue for This Action. ......................... 10

III.  PLAINTIFF FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED. ............................................................................... 11

    A.   Legal Standard ................................................................................ 11

    B.   Plaintiff Fails to State a Claim for Copyright Infringement ............... 12

        a.   Plaintiff Failed to Sufficiently Allege Infringement of Protectable Elements or Infringement of Derivatives of Same.12

        b.   Plaintiff Failed to Establish Conditions Precedent to Bringing a Copyright Infringement Claim ................................................ 14

        c.   Plaintiff Failed to Sufficiently Allege Infringement of Derivatives of Protectable Elements ........................................ 16

    C.   Plaintiff Failed to State a Claim of Violation of the Computer Fraud and Abuse Act and the California Comprehensive Computer Data Access and Fraud Act .......................................................................... 17

        a.   Plaintiff Fails to Allege That Aspen Tech Accessed a Computer Without Authorization or Exceeded Authorized Access ...................................................................................... 17

        b.   Plaintiff Fails to Adequately Plead Damages ............................ 19

    D.   Plaintiff's Digital Millennium Copyright Act Claim Fails to State a Cause of Action ............................................................................. 20

    E.   Plaintiff's California Statutory (*i.e.*, CDAFA and UCL) Claims Fail As They Do Not Have Extraterritorial Application ............................ 22

    F.   Plaintiff's UCL Claim Fails to State a Cause of Action ................... 23

        a.   The UCL Claim is Preempted by the Copyright Act .............. 23

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, California 90071
Tel: (213) 896-2530
Fax: (213) 896-2450

i

**b.**    The UCL Claim Fails for Lack of Unfair Conduct .................. 24

**IV.**    CONCLUSION ........................................................................... 25

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, California 90071
Tel: (213) 896-2530
Fax: (213) 896-2450

Defendant Aspen Technology Labs, Inc.'s                    Case No.:  2:23-cv-8728
Motion to Dismiss Complaint

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, California 90071
Tel: (213) 896-2530
Fax: (213) 896-2450

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Allstar Mktg. Grp., LLC v. Your Store Online*, LLC,
    666 F.Supp.2d 1109 (C.D. Cal. 2009) ........................................ 10

*AMA Multimedia, LLC v. Wanat*,
    970 F.3d 1201 (9th Cir. 2020) .................................................. 3

*Andersen v. Stability AI Ltd.*,
    23-CV-00201-WHO, 2023 WL 7132064 (N.D. Cal. Oct. 30, 2023) .......... 15, 16

*In re Arthur J. Gallagher Data Breach Litigation*,
    631 F. Supp. 3d 573 (N.D. Ill. 2022) ........................................ 22

*Artisan v. Woods Cove Art Studio & Gallery LLC*,
    SACV2300630JWHADS, 2023 WL 3273125
    (C.D. Cal. Apr. 12, 2023) ..................................................... 15

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ......................................................... 12

*Axiom Foods, Inc. v. Acerchem Int'l, Inc.*,
    874 F.3d 1064 (9th Cir. 2017) ............................................... 4

*Ayla, LLC v. Alya Skin Pty. Ltd.*,
    11 F.4th 972 (9th Cir. 2021) ................................................ 5

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007) ...................................................... 12, 17

*BidPrime, LLC v. SmartProcure, Inc.*,
    No. 1:18-CV-478-RP, 2018 WL 5260050 (W.D. Tex. Oct. 22, 2018) ........... 9

*Brodsky v. Apple Inc.*,
    445 F. Supp. 3d 110 (N.D. Cal. 2020) ....................................... 17

*Burger King Corp. v. Rudzewicz*,
    471 U.S. 462 (1985) ...................................................... 5, 9

*Calder v. Jones*,
   465 U.S. 783 (1984) ................................................................. 5, 6, 7

*Complete Logistical Servs., LLC v. Rulh*,
   350 F. Supp. 3d 512 (E.D. La. 2018) ........................................ 20

*CouponCabin LLC v. Savings.com, Inc.*,
   2016 WL 3181826 (N.D. Ind. 2016) .......................................... 21

*Craigslist, Inc. v. Naturemarket, Inc.*,
   694 F. Supp. 2d 1039 (N.D. Cal. 2010) ...................................... 7

*Daimler AG v. Bauman*,
   571 U.S. 117 (2014) ...................................................................... 4

*Digital Drilling Data System LLC v. Petrolink Servs. Inc.*,
   965 F.3d 365 (5th Cir. 2020) ..................................................... 21

*Dish Network L.L.C. v. World Cable Inc.*,
   893 F. Supp. 2d 452 (E.D.N.Y. 2012) ....................................... 21

*DocMagic, Inc. v. Ellie Mae, Inc.*,
   745 F. Supp. 2d 1119 (N.D. Cal. 2010) .................................... 20

*Experian Info. Sols., Inc. v. Nationwide Mktg. Services Inc.*,
   893 F.3d 1176 (9th Cir. 2018) ............................................. 12, 13

*Facebook, Inc. v. Power Ventures, Inc.*,
   844 F.3d 1058 (9th Cir. 2016) ............................................. 17, 19

*Facebook, Inc. v. Sluchevsky*,
   No. 19-CV-01277-JSC, 2020 WL 5823277
   (N.D. Cal. Aug. 28, 2020) ........................................................... 6

*Feist Publications, Inc. v. Rural Tel. Serv. Co., Inc.*,
   499 U.S. 340 (1991) .................................................................... 12

*Fourth Estate Pub. Benefit Corp. v. Wall-Street.com, LLC*,
   139 S. Ct. 881 (2019) .................................................................. 14

*FurnitureDealer.Net, Inc v. Amazon.com, Inc*,
   CV 18-232 (JRT/HB), 2022 WL 891473 (D. Minn. Mar. 25, 2022) ................ 15

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, California 90071
Tel: (213) 896-2530
Fax: (213) 896-2450

Defendant Aspen Technology Labs, Inc.'s                    Case No.: 2:23-cv-8728
Motion to Dismiss Complaint

*Gaudio v. Critical Mass Indus. LLC*,
   No. 2:19-cv-082-FWS-AGR, 2019 WL 8162804
   (C.D. Cal. Dec. 9, 2019) ................................................................................. 8

*Goodyear Dunlop Tires Operations, S.A. v. Brown*,
   564 U.S. 915 (2011) ................................................................................... 3, 4

*Harris Rutsky & Co. Ins. Servs. v. Bell & Clements Ltd.*,
   328 F.3d 1122 (9th Cir. 2003) .................................................................. 9, 10

*Herbal Brands, Inc. v. Photoplaza, Inc.*,
   72 F.4th 1085 (9th Cir. 2023) ...................................................................... 8

*hiQ Labs, Inc. v. LinkedIn Corp.*,
   31 F.4th 1180 (9th Cir. 2022) ......................................................... 17, 18, 19

*Impossible Foods Inc. v. Impossible X LLC*,
   80 F.4th 1079 (9th Cir. 2023) ...................................................................... 4

*Ipreo Holdings LLC v. Thomson Reuters Corp.*,
   09 CV. 8099 BSJ, 2011 WL 855872 (S.D.N.Y. Mar. 8, 2011) ................. 13, 14

*Kadrey v. Meta Platforms, Inc.*,
   23-CV-03417-VC, 2023 WL 8039640 (N.D. Cal. Nov. 20, 2023) .................. 23

*Kelly v. L.L. Cool J.*,
   145 F.R.D. 32 (S.D.N.Y. 1992) ................................................................... 13

*Key Publications, Inc. v. Chinatown Today Publishing Enterprises, Inc.*,
   945 F.2d 509 (2d Cir. 1991) ...................................................................... 13

*Khoury v. Maly's, Inc.*
   (1993) 14 Cal. App. 4th 612 ...................................................................... 24

*Kifle v. YouTube LLC*,
   21-CV-01752-CRB, 2021 WL 1530942 (N.D. Cal. Apr. 19, 2021)................. 15

*Kodadek v. MTV Networks, Inc.*
   152 F.3d 1209 (9th Cir. 1998) ................................................................... 24

*Kregos v. Associated Press*,
   937 F.2d 700 (2d Cir. 1991) .................................................................. 13, 16

*Lenmark Int'l, Inc. v. Static Control Components, Inc.*,
   387 F.3d 522 (6th Cir. 2004) ..................................................................... 21

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, California 90071
Tel: (213) 896-2530
Fax: (213) 896-2450

v

*M Seven System Ltd. v. Leap Wireless Int'l, Inc.*,
  2013 WL 12072526 (S.D. Cal June 26, 2013) .................................................. 22

*Maharaj v. Budget Fin. Co.*,
  CV 08-990 DSF, 2008 WL 11336579 (C.D. Cal. Apr. 21, 2008) ..................... 11

*Maloney v. T3Media, Inc.*,
  853 F.3d 1004 (9th Cir. 2017) ............................................................................. 23

*Marvix*, 647 F.3d at 1227-28 ...................................................................................... 5

*Media.net Advert. FZ-LLC v. NetSeer, Inc.*,
  156 F. Supp. 3d 1052 (N.D. Cal. 2016) .............................................................. 23

*Menken v. Emm*,
  503 F.3d 1050 (9th Cir. 2007) ............................................................................... 8

*Meta Platforms, Inc. v. Ates*,
  No. 22-CV-03918-TSH, 2023 WL 4035611, at *4 .............................................. 8

*Metro. Reg'l Info. Sys., Inc. v. Am. Home Realty Network, Inc.*,
  722 F.3d 591 (4th Cir. 2013) ............................................................................... 13

*Michael Grecco Prod., Inc. v. PicClick, Inc.*,
  No. CV 21-4510-MWF (EX), 2022 WL 2188534
  (C.D. Cal. Jan. 11, 2022) ..................................................................................... 10

*N. Alaska Salmon Co. v. Pillsbury*,
  174 Cal. 1 (1916) .................................................................................................. 22

*NovelPoster v. Javitch Canfield Group*,
  140 F. Supp. 3d 938 (N.D. Cal. 2014).................................................................. 17

*Oman v. Delta Air Lines, Inc.*,
  889 F.3d 1075 (9th Cir. 2018) .............................................................................. 22

*Omeluk v. Langsten Slip & Batbyggeri A/S*,
  52 F.3d 267 (9th Cir. 1995) .................................................................................... 5

*Salinas v. Cornwell Quality Tools Co.*,
  2022 WL 3130875 (C.D. Cal. 2022) .................................................................... 19

*Schwarzenegger v. Fred Martin Motor Co.*,
  374 F.3d 797 (9th Cir. 2004) ................................................................... 3, 5, 6, 7

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, California 90071
Tel: (213) 896-2530
Fax: (213) 896-2450

*SCI Shared Res., LLC v. Echovita, Inc.*,
No. 14-22-00077-CV, 2023 WL 5354115 (Tex. App. Aug. 22, 2023) ..............7

*Scripps Clinic v. Superior Court*,
108 Cal. App. 4th (2003) 917, 940 ....................................................................24

*ShopStyle, Inc. v. rewardStyle, Inc.*,
No. 05-19-00736-CV, 2020 WL 4187937 (Tex. App. July 21, 2020)................9

*Smith v. State Farm Mut. Auto. Ins. Co.*
(2001) 93 Cal. App. 4th 700 ..............................................................................25

*Sullivan v. Oracle Corp.*,
127 Cal.Rptr.3d 185 (Cal. 2011) .......................................................................22

*Summit Mach. Tool Mfg. Corp. v. Victor CNC Sys., Inc.*,
7 F.3d 1434 (9th Cir. 1993) ...............................................................................23

*Tatung Co., Ltd. v. Hsu*,
No. 8:13-cv-1743-DOC-AN, 2015 WL 11072178
(C.D. Cal. Apr. 23, 2015) ....................................................................................8

*TC Heartland LLC v. Kraft Foods Group Brands LLC*,
581 U.S. 258 (2017) ...........................................................................................10

*Toretto v. Donnelley Fin. Sols., Inc.*,
583 F. Supp. 3d 570 (S.D.N.Y. 2022) ...............................................................22

*UAB "Planner5D" v. Facebook, Inc.*,
19-CV-03132-WHO, 2020 WL 4260733 (N.D. Cal. July 24, 2020)................15

*Universal City Studios, Inc. v. Corley*,
273 F.3d 429 (2d Cir. 2001) ..............................................................................21

*Van Buren v. United States*,
141 S. Ct. 1648 (2021) .................................................................................17, 18

*Walker v. Twentieth Century Fox Film Corp.*,
CV112890DSFFFMX, 2011 WL 13308186
(C.D. Cal. Apr. 25, 2011) ..................................................................................11

*WhatsApp Inc. v. NSO Grp. Techs. Ltd.*,
472 F. Supp. 3d 649 (N.D. Cal. 2020)..............................................................6, 8

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, California 90071
Tel: (213) 896-2530
Fax: (213) 896-2450

vii

Defendant Aspen Technology Labs, Inc.'s
Motion to Dismiss Complaint

Case No.:  2:23-cv-8728

*Whitaker v. Tesla Motors, Inc.*,
   985 F.3d 1173 (9th Cir. 2021) ........................................................ 11

*Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*,
   433 F.3d 1199 (9th Cir. 2006) .......................................................... 5

**Statutes**

17 U.S.C. § 101 ....................................................................................... 12

17 U.S.C. § 103 ....................................................................................... 12

17 U.S.C. § 106 ....................................................................................... 24

17 U.S.C. § 411(a) ............................................................................ 15, 16

17 U.S.C. § 1201(a) ......................................................................... 20, 21

18 U.S.C. § 1030(a) .............................................................................. 17

18 U.S.C. § 1030(c) .............................................................................. 20

18 U.S.C. § 1030(e) .............................................................................. 20

18 U.S.C. § 1030(g) ....................................................................... 17, 20

28 U.S.C. § 1391(b) .............................................................................. 11

28 U.S.C. § 1400(a) .............................................................................. 10

Cal. Bus. & Prof. Code § 17200 .................................................... 23, 24

**Other Authorities**

H.R.Rep. No. 105–551, pt. 1 (1998) ................................................... 21

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, California 90071
Tel: (213) 896-2530
Fax: (213) 896-2450

Defendant Aspen Technology Labs, Inc.'s          Case No.:  2:23-cv-8728
Motion to Dismiss Complaint

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, California 90071
Tel: (213) 896-2530
Fax: (213) 896-2450

### MEMORANDUM OF POINTS AND AUTHORITIES

Defendant Aspen Technology Labs, Inc. ("Defendant" or "Aspen Tech"), a Colorado corporation based in Colorado, is a recruitment technology solutions and web data management services company founded in 2008. Plaintiff Jobiak, LLC ("Plaintiff" or "Jobiak"), a Delaware limited liability corporation with its principal place of business in Massachusetts, is an AI-based recruitment platform founded in 2018. This case arises out of Plaintiff's unfounded allegations that Aspen Tech engaged in "scraping" of Plaintiff's website and copied its copyrighted database (neither of which are alleged to be located in California). This action and all claims against Aspen Tech should be dismissed for lack of personal jurisdiction, improper venue, and failure to state a claim upon which relief can be granted.

*First*, personal jurisdiction and venue are improper here. As noted above, none of the claims arise out of or relate to any alleged activities in California and neither party is located in or organized under the laws of California. Aspen Tech did not direct the alleged relevant activities toward or purposely avail itself of the privileges of the State of California. Therefore, Aspen Tech does not have minimum contacts with California sufficient for the Court to exercise personal jurisdiction. Lack of personal jurisdiction also points to improper venue which, for copyright infringement, is governed by 28 U.S.C. § 1400(a). As there are also no other facts establishing venue under 28 U.S.C. § 1391 for the non-copyright claims, venue is improper in the Central District of California.

*Second*, Plaintiff's copyright infringement claim fails because Plaintiff does not identify any information that was allegedly copied from the copyrighted database. Plaintiff's sole example of any alleged copyright infringing material is Exhibit B (related to a March 22, 2022 job posting), which has not been alleged to be part of the registered copyright database (which relates to job data posted between September 1, 2022 and November 30, 2022). Under the copyright registration rules specific to

1

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, California 90071
Tel: (213) 896-2530
Fax: (213) 896-2450

1    automated databases, data falling outside of the 3-month registered time frame is not

2    protectible. Plaintiff's copyright infringement right claim therefore fails.

3        ***Third***, Plaintiff's Computer Fraud and Abuse Act (CFAA) and California

4    Comprehensive Computer Data Access and Fraud Act (CDAFA) claims fail because

5    Aspen Tech neither accessed Plaintiff's website without authorization nor exceeded

6    authorized access. Plaintiff's website is available to the general public, and "the

7    concept of 'without authorization' does not apply to public websites." *hiQ Labs, Inc.*

8    *v. LinkedIn Corp.*, 31 F.4th 1180, 1199 (9th Cir. 2022). Moreover, although Plaintiff

9    allegedly blocked some IP addresses, "[s]imply bypassing an IP address, without more,

10   would not constitute unauthorized use." *Facebook, Inc. v. Power Ventures, Inc.*, 844

11   F.3d 1058, 1068 n.5 (9th Cir. 2016). Since Aspen Tech is not circumventing a so-called

12   "gates-down" limitation to the website or accessing a password-protected website after

13   the withdrawal of permission, Plaintiff fails to allege access without authority or in

14   excess of authorized access.

15       Similarly, Plaintiff's DMCA claim fails because Plaintiff's website is available

16   to the general public and because its IP blocking technology is not a sufficient "digital

17   wall" or "technological protection measure" under the DMCA.

18       ***Fourth***, Plaintiff's California statutory claims (UCL and CDAFA) fail because

19   they do not apply extraterritorially. Plaintiff's website is not located in California and

20   the alleged conduct did not occur in California. All of the alleged liability-creating

21   conduct occurred outside of California. Since the wrongful conduct is not alleged to

22   emanate from California, the UCL and CDAFA claims must be dismissed.

23       ***Finally***, Plaintiff's UCL claims are preempted by the Copyright Act because the

24   rights asserted fall within the scope of copyright protection.

25   **I.    BACKGROUND**

26       Aspen Tech assists customers in their job searches and related operations.

27   Compl. ¶ 2. Plaintiff allegedly operates in a similar field. *Id.* ¶ 1. Plaintiff claims that

28   it scrapes job postings from Google, optimizes the job descriptions, and places the data

Defendant Aspen Technology Labs, Inc.'s                          Case No.: 2:23-cv-8728
Motion to Dismiss Complaint

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, California 90071
Tel: (213) 896-2530
Fax: (213) 896-2450

1   within an automated database. *Id.* ¶¶ 15-16. Plaintiff holds a copyright related to the
2   automated database, which covers the job data added to the database between
3   September 1, 2022 and November 30, 2022. *See* Compl. Ex. A. On or around March
4   23, 2022, before registering any copyright of its automated database, Plaintiff sent a
5   letter to Aspen Tech containing unfounded allegations of copyright infringement and
6   "hacking" of Plaintiff's website. *See* Compl. Ex. C. On or about March 30, 2022,
7   counsel for Aspen Tech responded by denying the allegations and requesting a factual
8   basis for Plaintiff's assertions—to which Plaintiff never provided. *See* Compl. Exs. D-
9   E. On October 17, 2023, Plaintiff filed the instant Complaint alleging that Aspen Tech
10  engaged in "scraping" of Plaintiff's website and copied its copyrighted database.

11  **II.   THE COMPLAINT SHOULD BE DISMISSED FOR LACK OF**
12  **PERSONAL JURISDICTION AND FOR IMPROPER VENUE**
13  **A.   This Court Lacks Personal Jurisdiction Over Aspen Tech.**

14      Plaintiff bears the burden of establishing that Aspen Tech is subject to personal
15  jurisdiction in this forum. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797,
16  800 (9th Cir. 2004). Under the Due Process Clause of the Fourteenth Amendment, a
17  court may only exercise personal jurisdiction over an out-of-state defendant if the
18  defendant has "certain minimum contacts with [the forum state] such that the
19  maintenance of the suit does not offend traditional notions of fair play and substantial
20  justice." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. at 923. "Personal
21  jurisdiction over an out-of-state defendant is proper where permitted by a long-arm
22  statute and where the exercise of jurisdiction does not violate federal due process."
23  *AMA Multimedia, LLC v. Wanat*, 970 F.3d 1201, 1207 (9th Cir. 2020) *cert. denied*, 142
24  S. Ct. 76 (2021). The California long-arm statute is co-extensive with federal due
25  process requirements. *Schwarzenegger*, 374 F.3d at 801.

26      There are two recognized bases for personal jurisdiction over out-of-state
27  defendants: general jurisdiction and specific jurisdiction. "A court may assert general
28  jurisdiction over foreign (sister-state or foreign country) corporations to hear any and

3

all claims against them when their affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." *Id.* at 919. "The inquiry whether a forum State may assert specific jurisdiction over a nonresident defendant focuses on the relationship among the defendant, the forum, and the litigation. Specifically, the defendant's ***suit-related conduct*** must create ***a substantial connection*** with the forum State. [The court's] primary concern is the burden on the defendant." *Axiom Foods, Inc. v. Acerchem Int'l, Inc.*, 874 F.3d 1064, 1068 (9th Cir. 2017) (quotes and citations omitted) (emphasis added).

### 1. The Complaint Concedes Facts Establishing That the Court Cannot Exercise General Jurisdiction Over Aspen Tech

The Ninth Circuit follows the well-established rule set forth in *Daimler AG v. Bauman*, 571 U.S. 117 (2014) that, for a corporate defendant, general jurisdiction is only appropriate in the state in which the entity is incorporated or where it maintains its principal place of business. *See Impossible Foods Inc. v. Impossible X LLC*, 80 F.4th 1079, 1086 (9th Cir. 2023) (applying *Daimler* and finding no general jurisdiction over defendant). Here, the Complaint concedes that Aspen Tech is a Colorado corporation with its principal place of business in Aspen, Colorado. Compl. ¶ 6. Following the *Daimler* holding, Aspen Tech is not "essentially at home" in this forum state, and this Court therefore cannot assert general jurisdiction over Aspen Tech.

### 2. Plaintiff's Claims Do Not Allege Sufficient Minimum Contacts For This to Court to Exercise Specific Jurisdiction.

To satisfy the "minimum contacts" needed to establish specific personal jurisdiction, the Ninth Circuit applies a three-prong test:

(1) The non-resident defendant must ***purposely direct his activities*** or consummate some transaction with the forum or resident thereof; or perform some act by which he purposely avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, California 90071
Tel: (213) 896-2530
Fax: (213) 896-2450

Defendant Aspen Technology Labs, Inc.'s                                    Case No.:  2:23-cv-8728
Motion to Dismiss Complaint

(2) the claim must be one which ***arises out of or relates to the defendant's forum-related activitie***s; and

(3) the exercise of jurisdiction must comport with ***fair play and substantial justice***, *i.e.* it must be reasonable.

*Marvix*, 647 F.3d at 1227-28 (citing *Schwarzenegger*, 374 F.3d at 802) (emphasis added). All three prongs must be present to satisfy due process. *Omeluk v. Langsten Slip & Batbyggeri A/S*, 52 F.3d 267, 270 (9th Cir. 1995). The plaintiff bears the burden of satisfying the first and second prongs of the test. *Schwarzenegger*, 374 F.3d at 802. Once established, the burden then shifts to the defendant "to 'present a compelling case' that the exercise of jurisdiction would not be reasonable." *Id.* (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476-78 (1985)). Here, neither of the first two prongs are satisfied.

### a.   Aspen Tech Did Not Purposely Direct Any Activities at California.

The first prong of the minimum contacts test requires Plaintiff to establish purposeful availment or purposeful direction, which turns on "the nature of the underlying claims." *Ayla, LLC v. Alya Skin Pty. Ltd.*, 11 F.4th 972, 979 (9th Cir. 2021). For tort claims such as those at issue here, the Ninth Circuit considers where the defendant purposefully directed its conduct toward the forum state following the "effects" test set forth in *Calder v. Jones*, 465 U.S. 783 (1984). *Ayla*, 11 F.4th at 979; *see also Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*, 433 F.3d 1199, 1206 (9th Cir. 2006). Under the *Calder* "effects" test, "the defendant allegedly must have (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Mavrix*, 647 F.3d at 1228. Here, Plaintiff's claim fails the second and third prongs of the *Calder* effects test, as there are no allegations that Aspen Tech "expressly aimed" its actions at the forum state or knew that Plaintiff would suffer harm in the forum state. The "expressly aimed" analysis "depends, to a significant degree, on the specific

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, California 90071
Tel: (213) 896-2530
Fax: (213) 896-2450

5

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, California 90071
Tel: (213) 896-2530
Fax: (213) 896-2450

1    type of tort or other wrongful conduct at issue." *Schwarzenegger*, 374 F.3d at 807. For

2    example, in *Schwarzenegger*, a defendant car dealership created and published an

3    advertisement for newspaper circulation in Ohio using Arnold Schwarzenegger's

4    image without permission. *Id.* at 799. The defendant maintained a website that could

5    be viewed in California, and the plaintiff was a resident of California. *Id.* In affirming

6    the District Court's dismissal for lack of specific jurisdiction, the Ninth Circuit held

7    that while "it may be true that [defendant's] intentional act eventually caused harm to

8    Schwarzenegger in California, and [defendant] may have known that Schwarzenegger

9    lived in California . . . . this does not confer jurisdiction for [defendant's] express aim

10   was local." *Id.* at 807.

11        The Northern District of California's "express aiming" analysis in *WhatsApp

12   Inc. v. NSO Grp. Techs. Ltd.*, 472 F. Supp. 3d 649 (N.D. Cal. 2020)*, aff'd on other

13   grounds*, 17 F.4th 930 (9th Cir. 2021) is likewise instructive here. In *WhatsApp*,

14   plaintiffs asserted claims that defendants sent malware, using WhatsApp, to

15   approximately 1,400 mobile phones and devices for the purpose of surveilling those

16   devices. *See id.* at 658. In holding that the defendants *did* "expressly aim" their

17   intentional actions at the forum state of California, the court reasoned that the plaintiffs'

18   servers were located in California, and defendants' act of sending malicious code to

19   those servers, in essence, "electronically entered the forum state seeking out plaintiffs'

20   servers, which were a necessary component to transmit the malicious code to the

21   users." *Id.* at 673. The location of the servers in California and the defendant's

22   intentional act of sending malicious code to those servers constituted the intentional

23   act required under the first prong of the *Calder* effects test. *Id.*; *see also Facebook, Inc.

24   v. Sluchevsky*, No. 19-CV-01277-JSC, 2020 WL 5823277, at *4 (N.D. Cal. Aug. 28,

25   2020), *report and recommendation adopted*, No. 19-CV-01277-YGR, 2020 WL

26   5816578 (N.D. Cal. Sept. 30, 2020) (defendant purposefully directed conduct to

27   California where plaintiff's principal place of business is in California and 37,000

28   California Facebook users were fraudulently induced into installing defendant's web

Defendant Aspen Technology Labs, Inc.'s                                    Case No.:  2:23-cv-8728
Motion to Dismiss Complaint

browser extension, which scraped their user data); *Craigslist, Inc. v. Naturemarket, Inc.*, 694 F. Supp. 2d 1039, 1053 (N.D. Cal. 2010) (on claims that defendant violated plaintiff's website copyright, defendant expressly aimed its intentional conduct at California where Plaintiff maintained its website); *SCI Shared Res., LLC v. Echovita, Inc.*, No. 14-22-00077-CV, 2023 WL 5354115, at *6 (Tex. App. Aug. 22, 2023) (Texas court could assert personal jurisdiction over website scraping claims where servers hosting the allegedly scraped data were located in Texas).

Similar to the above-cited cases analyzing data and web scraping claims, the intentional act alleged here is unauthorized access to Plaintiff's computers and servers. *See* Compl. ¶ 44 ("Defendant knowingly and intentionally **accessed Plaintiff's computers and servers without authorization** or in excess of authorization."); *id.* at ¶ 47 ("Defendant has **intentionally accessed a protected computer without authorization** . . . ."); *id.* at ¶ 17 (asserting that copyrighted **material from the automated database** is being used by Aspen Tech without permission); *id.* at ¶ 18 (alleging that Aspen Tech has "been **'scraping' the data from Plaintiff's website and using this database**"). Yet, unlike the above cases, there are *no* allegations that Plaintiff's database and website are hosted on servers located in California and *no* allegations that the alleged scraping (i.e. the intentional act) occurred in California. Moreover, there are *no* allegations that Plaintiff itself is found in California. To the contrary, Plaintiff is a Delaware limited liability company with its principal place of business in Massachusetts. Compl. ¶ 5.

Instead, the only asserted connection to California is that: (i) Aspen Tech posts listings for jobs in California (Compl. ¶ 12); and (ii) Plaintiff suffered unspecified injury in California (*id.* at ¶ 13). Plaintiff does not allege any facts at all to tether its claim of injury to Aspen Tech's California job postings. Even if it could so allege, the mere fact that Plaintiff may have suffered injury in California (if at all) is insufficient to establish specific personal jurisdiction. *Schwarzenegger*, 374 F.3d at 807.

On the third prong of the *Calder* effects test, aside from a single conclusory

7

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, California 90071
Tel: (213) 896-2530
Fax: (213) 896-2450

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, California 90071
Tel: (213) 896-2530
Fax: (213) 896-2450

statement that it sustained injury in California, Plaintiff has wholly failed to allege facts showing that Aspen Tech knew Plaintiff was likely to suffer harm in California. Indeed, Plaintiff's alleged damages of lost revenue and profits could not have been sustained in California, as Jobiak is neither incorporated nor has its principal place of business in California. Compl. ¶ 5, 66, 70. *Cf. Herbal Brands, Inc. v. Photoplaza, Inc.*, 72 F.4th 1085, 1091 (9th Cir. 2023) (plaintiff with principal place of business in Arizona put defendant on notice that it suffered injury in Arizona when it sent a cease and desist letter asserting such).

As such, Plaintiff has not established that Aspen Tech purposefully directed its actions to California such that an exercise of specific jurisdiction would be appropriate.

### 3.     Plaintiff's Alleged Injuries Do Not Arise Out of Any Forum-Directed Activities by Aspen Tech

"In determining whether the plaintiff's claims arise out of or relate to defendant's forum related activities 'the Ninth Circuit follows the "but for" test.'" *Tatung Co., Ltd. v. Hsu*, No. 8:13-cv-1743-DOC-AN, 2015 WL 11072178, at *42 (C.D. Cal. Apr. 23, 2015) (citing *Menken v. Emm*, 503 F.3d 1050, 1058 (9th Cir. 2007)). "[A] plaintiff must show that there is a non-tenuous connection between the out-of-state defendant's forum-directed activities and the plaintiff's alleged injuries." *Gaudio v. Critical Mass Indus. LLC*, No. 2:19-cv-082-FWS-AGR, 2019 WL 8162804, at *9 (C.D. Cal. Dec. 9, 2019).

Here, the Court may not assert specific jurisdiction over Aspen Tech because Plaintiff's claims do not arise out of or relate to the forum-based activities asserted in the Complaint. In dealing with similar facts, the Northern District of California held in *Meta Platforms, Inc. v. Ates* that a plaintiff's data scraping claims arose out of contacts with the forum state—California—where the data scraped was from California user accounts. No. 22-CV-03918-TSH, 2023 WL 4035611, at *4. Other courts dealing with similar scraping claims also look to the location of the data scraped and the location of the injured party. *See e.g.*, *WhatsApp Inc. v. NSO Grp. Techs. Ltd.*, 472 F. Supp. 3d

8

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, California 90071
Tel: (213) 896-2530
Fax: (213) 896-2450

649 (N.D. Cal. 2020), *aff'd on other grounds*, 17 F.4th 930 (9th Cir. 2021); *BidPrime, LLC v. SmartProcure, Inc.*, No. 1:18-CV-478-RP, 2018 WL 5260050, at *2 (W.D. Tex. Oct. 22, 2018) (specific jurisdiction established in Texas where defendant scraped data from a company it knew was based in Texas); *ShopStyle, Inc. v. rewardStyle, Inc.*, No. 05-19-00736-CV, 2020 WL 4187937, at *12 (Tex. App. July 21, 2020) (holding no personal jurisdiction in Texas where "none of [defendant's] operative conduct is alleged to have occurred here").

Plaintiff's claims are, at their core, claims for infringement of copyrighted materials and unauthorized access of computers belonging to a Delaware corporation principally located in Massachusetts. Plaintiff asserts that Aspen Tech "maliciously scraped Plaintiff's proprietary database," which is not alleged to be in California. Compl. ¶ 2. Nor is Plaintiff itself located in California. Compl. ¶ 6. Plaintiff's claims therefore *do not* arise from Aspen Tech's alleged job postings for California-based jobs. As such, Plaintiff's claims do not arise from any forum-directed activities by Aspen Tech.

### 4. Exercising Personal Jurisdiction Over Aspen Tech Would Not be Fair or Reasonable

Assuming arguendo that Plaintiff satisfied the first two prongs of the minimum contact test—which it does not—the exercise of personal jurisdiction here would not "comport with fair play and substantial justice." *Burger King Corp.*, 471 U.S. at 476. The Ninth Circuit considers seven factors in assessing the reasonableness of exercising specific jurisdiction over a non-resident defendant: (1) the extent of the defendant's purposeful interjection into the forum state's affairs; (2) the burden on the defendant of defending in the forum; (3) the extent of conflict with the sovereignty of the defendant's state; (4) the forum state's interest in adjudicating the dispute; (5) the most efficient judicial resolution of the controversy; (6) the importance of the forum to the plaintiff's interest in convenient and effective relief; and (7) the existence of an alternative forum. *Harris Rutsky & Co. Ins. Servs. v. Bell & Clements Ltd.*, 328 F.3d

9

1122, 1132 (9th Cir. 2003). "No one of the factors is dispositive in itself. Instead, [courts must] balance all seven." *Id*.

Here, the action involves out-of-state litigants with no allegations that evidence will be found in California. Aspen Tech is based in Colorado, and Plaintiff's website and database is believed to be located outside of California.[1] Thus, without conceding where proper venue may lie, it appears there are at least two states where evidence would be more readily available and whose forum would be more invested in the outcome. Because this case does not arise out of or relate to Aspen Tech's alleged contacts with California, none of the above factors support this Court's exercise of jurisdiction over Aspen Tech as being fair or reasonable.

**B.    This Forum is the Improper Venue for This Action.**

Plaintiff bears the burden of establishing that venue is proper for each claim asserted. *Allstar Mktg. Grp., LLC v. Your Store Online*, LLC, 666 F.Supp.2d 1109, 1126 (C.D. Cal. 2009).

***Copyright claim.*** Venue for Plaintiff's copyright infringement claim is governed by 28 U.S.C. § 1400(a), which requires venue "in the district in which the defendant or his agent resides or may be found." That language has been interpreted to mean that venue is "proper in any judicial district in which the defendant would be amenable to personal jurisdiction if the district were a separate state." *Michael Grecco Prod., Inc. v. PicClick, Inc.*, No. CV 21-4510-MWF (EX), 2022 WL 2188534, at *2 (C.D. Cal. Jan. 11, 2022) (citation omitted)). *TC Heartland LLC v. Kraft Foods Group Brands LLC,* 581 U.S. 258 (2017), suggests an even narrower interpretation. There, the Supreme Court conducted an historical analysis of the statute's sister venue provision related to patent infringement cases and determined that a domestic corporation resides only in its state of incorporation. *Id.* at 262. The same underlying rational should be applicable to 28 U.S.C. § 1400(a).

[1] Based on a Whois domain name lookup of jobiak.ai on December 6, 2023, the website is hosted on a server in Virginia.

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, California 90071
Tel: (213) 896-2530
Fax: (213) 896-2450

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, California 90071
Tel: (213) 896-2530
Fax: (213) 896-2450

1   Under either of these interpretations, venue is inappropriate as Aspen Tech is

2   not incorporated in California and the Court lacks personal jurisdiction over Aspen

3   Tech, *see supra* Section II.

4   ***Plaintiff's non-copyright claims***. Proper venue for the non-copyright claims

5   requires a showing that a defendant resides in the judicial district; a substantial part of

6   the events or omissions giving rise to the claim occurred in the judicial district; or if

7   there is no district in which an action may otherwise be brought, any judicial district in

8   which any defendant is subject to the court's personal jurisdiction with respect to such

9   action. 28 U.S.C. § 1391(b). None of these venue requirements are present here. As

10  already discussed above, Aspen Tech is not a resident of this judicial district, a

11  substantial part of the events giving rise to the claim did not occur in this judicial

12  district; and the Court lacks personal jurisdiction over Aspen Tech. As such, venue is

13  not proper in this judicial district.

14  **III.   PLAINTIFF FAILS TO STATE A CLAIM UPON WHICH RELIEF**

15  **CAN BE GRANTED.**

16  **A.   Legal Standard**

17  Under a 12(b)(6) motion to dismiss, Plaintiffs' allegations are accepted as true,

18  but the Court need not accept "true allegations that are merely conclusory, unwarranted

19  deductions of fact, or unreasonable inferences." *Maharaj v. Budget Fin. Co.*, CV 08-

20  990 DSF (JCRX), 2008 WL 11336579, at *2 (C.D. Cal. Apr. 21, 2008) (Fischer, J.),

21  aff'd, 296 Fed.Appx. 583 (9th Cir. 2008). "Dismissal is proper if a complaint is vague,

22  conclusory, general, or fails to set forth any material facts in support of the allegation.

23  Dismissal can be based on the lack of a cognizable legal theory or the absence of

24  sufficient facts alleged under a cognizable legal theory." *Id.* "Nor does a complaint

25  suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Walker*

26  *v. Twentieth Century Fox Film Corp.*, CV112890DSFFFMX, 2011 WL 13308186, at

27  *1 (C.D. Cal. Apr. 25, 2011). Dismissal is appropriate where the complaint fails to

28  allege a plausible entitlement to relief that is more than merely speculative. *Whitaker*

11

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, California 90071
Tel: (213) 896-2530
Fax: (213) 896-2450

*v. Tesla Motors, Inc.*, 985 F.3d 1173, 1177 (9th Cir. 2021) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007). A plaintiff must do more than allege "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. A plaintiff must "nudge" his claims "across the line from conceivable to plausible." *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).

**B.      Plaintiff Fails to State a Claim for Copyright Infringement**

        **a.      Plaintiff Failed to Sufficiently Allege Infringement of Protectable Elements or Infringement of Derivatives of Same.**

"[T]he Copyright Act recognizes that collections or compilations of facts may possess the originality necessary for copyright protection." *Experian Info. Sols., Inc. v. Nationwide Mktg. Services Inc.*, 893 F.3d 1176, 1181 (9th Cir. 2018) (citing 17 U.S.C. §§ 101-03). Under the Copyright Act, a "compilation" is defined as: "[1] a work formed by the collection and assembling of preexisting materials or of data [2] that are selected, coordinated, or arranged in such a way that [3] the resulting work as a whole constitutes an original work of authorship." 17 U.S.C. § 101. The underlying facts themselves are not protected—the protection "extends only to the material contributed by the author of such work." 17 U.S.C. § 103(b). "[C]hoices as to selection and arrangement, so long as they are made independently by the compiler and entail a minimal degree of creativity, are sufficiently original that Congress may protect such compilations through the copyright laws." *Feist Publications, Inc. v. Rural Tel. Serv. Co., Inc.*, 499 U.S. 340 (1991).

For example, "a telephone company's alphabetical list of the names, addresses, and telephone numbers of its subscribers in a directory was not copyrightable" as it lacked creativity in the selection or arrangement of data. *Feist Publications, Inc. v. Rural Tel. Serv. Co., Inc.*, 499 U.S. 340, 348 (1991). By contrast, a telephone directory for New York City Chinese-American community that consisted of business names, addresses, and phone numbers, and divided into categories was copyrightable as it

12

involved some thought and creativity. *Key Publications, Inc. v. Chinatown Today Publishing Enterprises, Inc.*, 945 F.2d 509, 511 (2d Cir. 1991).

Because the protected information is the **selection** and **organization** of data, courts have found that relief is only available "against those who used forms that **exactly copied** [the] selection of information." *Kregos v. Associated Press*, 937 F.2d 700, 709-10 (2d Cir. 1991) (emphasis added); *see also Experian Info. Sols., Inc. v. Nationwide Mktg. Services Inc.*, 893 F.3d at 1185. A compiler "cannot have it both ways." *Kregos v. Associated Press*, 937 F.2d at 710. It cannot, on the one hand, rely on its decision to select and organize material for copyright protection and, on the other hand, seek to enforce its copyright against a compiler who makes more than a trivial degree of changes to that selection. *Id.*

Copyrights for automated databases may be registered either as a single basic registration covering the database as created on a given date or as a group registration with updates added over a period of time of up to three months. *See Metro. Reg'l Info. Sys., Inc. v. Am. Home Realty Network, Inc.*, 722 F.3d 591, 597 (4th Cir. 2013); Circular 65, Copyright Registration for Automated Databases. However, for a group registration, the protection only extends to "updates/revisions published over a period of up to 3 months, regardless of whether a prior registration for the initial database was ever made." *Id.; Ipreo Holdings LLC v. Thomson Reuters Corp.*, 09 CV. 8099 BSJ, 2011 WL 855872, at *5 (S.D.N.Y. Mar. 8, 2011) ("To register a copyright for material in an automatically updating database…the owner of the database must register each three months' worth of updates."). A plaintiff must specifically plead in its complaint that the alleged infringed upon material was present in the database within the registered period; else, the claim fails for being "too ambiguous to reasonably enable [a] defendant to answer." *Id.* (dismissing copyright infringement claim where a complaint failed to specify information that was downloaded in 2008-2010 resided in a database as it existed when it was registered in 2001) (citing *Kelly v. L.L. Cool J.*, 145 F.R.D. 32, 36 (S.D.N.Y. 1992), *aff'd sub nom. Kelly v. L.L. Cool J*, 23 F.3d 398

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, California 90071
Tel: (213) 896-2530
Fax: (213) 896-2450

13

1    (2d Cir. 1994)).

2         Here, in its Complaint, Plaintiff asserts a single copyright at issue, namely, "ALL

3    JOBS by Jobiak," which is a group registration for a database (the "Automated

4    Database") (the "Copyright Registration"). *See* Compl. ¶ 1; Exhibit A. According to

5    the Copyright Registration, the registration occurred on November 18, 2022, and the

6    Automated Database encompasses updates from September 1, 2022 to November 30,

7    2022. *See* Compl., Exhibit A. As to the contents of the Automated Database, Plaintiff

8    alleges, without providing any demonstratives or examples, that the Automated

9    Database "is a compilation of database information including descriptions, categories,

10   job listings, and layout designs." Compl. ¶ 16. No further relevant details are provided

11   anywhere in the Complaint.

12        Plaintiff fails to adequately allege that Aspen Tech copied any copyrighted

13   property within the Automated Database as it existed between September 1, 2022 and

14   November 30, 2022. Plaintiff only alleges, instead, that Aspen Tech copied a job

15   posting recorded on March 22, 2022, which predates the registration of the Automated

16   Database. *See* Compl. ¶¶ 18-19, Exhibit B. The Complaint also references three

17   correspondences between counsel for Plaintiff and Aspen Tech between March 23,

18   2022 and April 29, 2022. *See* Compl. ¶¶ 20-21, Exhibits C-E. Notably, these dates are

19   long before the registration period of the Automated Database. The Complaint does

20   not allege any infringement after the date of these letters. Because the Plaintiff fails to

21   allege that Exhibit B to the Complaint was part of this Automated Database or that

22   Aspen Tech copied any specific material present in the Automated Database within the

23   registered period, the copyright infringement claim must be dismissed. *See Ipreo*

24   *Holdings LLC v. Thomson Reuters Corp.*, 2011 WL 855872, at \*5.

25              **b.**     **Plaintiff Failed to Establish Conditions Precedent to**

26                        **Bringing a Copyright Infringement Claim**

27        Registration of a copyright is a condition precedent to filing suit for copyright

28   infringement. *Fourth Estate Pub. Benefit Corp. v. Wall-Street.com, LLC*, 139 S. Ct.

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, California 90071
Tel: (213) 896-2530
Fax: (213) 896-2450

14

881, 885 (2019) ("[R]egistration occurs, and a copyright claimant may commence an infringement suit, when the Copyright Office registers a copyright."); *see* 17 U.S.C. § 411(a) ("[N]o civil action for infringement of [a] copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made in accordance with this title."). California courts regularly dismiss copyright infringement claims for failure to register the claimed copyright. *See, e.g., Artisan v. Woods Cove Art Studio & Gallery LLC*, SACV2300630JWHADS, 2023 WL 3273125, at *1 (C.D. Cal. Apr. 12, 2023) (dismissing copyright claim due to failure to allege registration of the "protected works at issue"); *Andersen v. Stability AI Ltd.,* 23-CV-00201-WHO, 2023 WL 7132064, at *4 (N.D. Cal. Oct. 30, 2023) (dismissing copyright claims with prejudice because "the scope of [plaintiff's] claims are limited to the collections which she has registered"); *Kifle v. YouTube LLC*, 21-CV-01752-CRB, 2021 WL 1530942, at *6 (N.D. Cal. Apr. 19, 2021) (dismissing copyright claims with prejudice because "a plaintiff 'cannot cure its failure to meet the preconditions set forth in 17 U.S.C. 411(a) by amending [the plaintiff's] pending complaint."); *UAB "Planner5D" v. Facebook, Inc.*, 19-CV-03132-WHO, 2020 WL 4260733, at *4 (N.D. Cal. July 24, 2020) (dismissing copyright claims related to a computer program where the alleged infringed upon content was not located in the copyright-registered versions of the program). Notably here, "[a] copyright registration for an unpublished database "does not cover any previously published or previously registered content that may be included in the database." *FurnitureDealer.Net, Inc v. Amazon.com, Inc*, CV 18-232 (JRT/HB), 2022 WL 891473, at *7 (D. Minn. Mar. 25, 2022).

Here, Plaintiff has failed to meet its burden to show that it holds a valid copyright registration on the **specific** work allegedly infringed by Aspen Tech. *See* 17 U.S.C. § 411(a). Specifically, Plaintiff's Copyright Registration only covers published updates to the Automated Database from September 1, 2022 to November 30, 2022. *See* Compl., Exhibit A. Plaintiff only alleges that Aspen Tech copied a job posting recorded on March 22, 2022, which precedes the registration of the Automated

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, California 90071
Tel: (213) 896-2530
Fax: (213) 896-2450

15

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, California 90071
Tel: (213) 896-2530
Fax: (213) 896-2450

1  Database. *Compare* Exhibit A [copyrighted database contains updates from 9/1/22-

2  11/30/22] *with* Exhibit B [exemplar alleged infringement taken from an alleged

3  database dated 3/22/22]. In addition, the Complaint does not allege any continued

4  scraping after the correspondences between counsel for Plaintiff and Aspen Tech

5  between March 23, 2022 and April 29, 2022, nor can any such inference be drawn from

6  the Complaint. Because "the scope of [a plaintiff's] claim is limited to the collection

7  which she has registered," (*see Andersen v. Stability AI Ltd.,* 23-CV-00201-WHO,

8  2023 WL 7132064, at *4), Plaintiff has failed to satisfy the conditions precedent of 17

9  U.S.C. § 411(a), and its copyright claim must be dismissed.

10              **c.    Plaintiff Failed to Sufficiently Allege Infringement of**

11                      **Derivatives of Protectable Elements**

12         Plaintiff has not sufficiently alleged a derivative infringement with respect to its

13  Automated Database. Compilations are unique under copyright law since the

14  underlying data is not copyrightable. Instead, it is the selection and organization of data

15  that is copyrightable, and even minor changes to such selection and organization

16  renders alleged derivative work non-infringing. *See Kregos*, 937 F.2d at 709-10.

17         Here, Plaintiff alleges that Aspen Tech's job postings have "similar layout,

18  design, and search key title words" and some copied irrelevant keywords. *See* Compl.

19  ¶ 19. The Complaint does not allege that Aspen Tech's job postings uses the <u>same</u>

20  selection and organization of data that is copyrighted. In addition, Plaintiff admits that

21  Aspen Tech uses a different database than Plaintiff. In Exhibit E to the Complaint,

22  which is a follow-up correspondence from Plaintiff to Aspen Tech, Plaintiff claims that

23  Aspen Tech "**<u>altered</u>** its job postings/job landing pages following receipt of

24  [Plaintiff's] previous correspondence." *Id.* at 2. Since Plaintiff claims that Aspen Tech

25  has "altered" the material allegedly taken from the Automated Database, the material

26  cannot be the same. Consequently, Plaintiff has failed to plead a derivative

27  infringement claim, and this claim must be dismissed.

28

1

2

3

4

5

6

7

8

9

10

11

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, California 90071
Tel: (213) 896-2530
Fax: (213) 896-2450

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**C.  Plaintiff Failed to State a Claim of Violation of the Computer Fraud and Abuse Act and the California Comprehensive Computer Data Access and Fraud Act**

The Computer Fraud and Abuse Act (CFAA) prohibits acts of computer trespass by those who act "without authorization" or "exceed authorized access." 18 U.S.C. § 1030(a). The CFAA creates civil (and criminal) liability for whoever "intentionally accesses a computer without authority or exceeds authorized access and thereby obtain . . . information from a protected computer" and caused a loss of $5,000 or more during a one year span. 18 U.S.C. §§ 1030(a)(2)(C) and 1030(g).[2] "The term 'protected computer' . . . effectively [means] any computer connected to the Internet." *hiQ Labs, Inc. v. LinkedIn Corp.*, 31 F.4th at 1195.

The California's Comprehensive Computer Data Access and Fraud Act ("CDAFA") differs slightly from the CFAA. For instance, it requires knowing access and does not contain a $5,000 damage threshold. *See Facebook, Inc. v. Power Ventures, Inc.*, 844 F.3d at 1069; *Brodsky v. Apple Inc.*, 445 F. Supp. 3d 110, 131 (N.D. Cal. 2020). However, "The necessary elements of a [CDAFA] do not differ materially from the necessary elements of the CFAA." *NovelPoster v. Javitch Canfield Group*, 140 F. Supp. 3d 938, 950 (N.D. Cal. 2014). Courts, thus analyze the CFAA and CDAFA together. *See Facebook*, 844 F.3d at 1069.

**a.  Plaintiff Fails to Allege That Aspen Tech Accessed a Computer Without Authorization or Exceeded Authorized Access**

The Supreme Court recently addressed the scope of the CFAA in *Van Buren v. United States*, 141 S. Ct. 1648, 1652 (2021). There, a law enforcement officer ran a

---

[2] Plaintiff's Complaint also alleges a violation of 18 U.S.C § 1030(a)(5). *See* Compl. ¶¶ 46-47. However, Plaintiff does not allege any facts related to the transmission of a program, information, code, or command. Rather, Plaintiff merely provides a formulaic recitation of the statute, which is insufficient under *Twombly*. The Complaint's allegations of web scraping and the download of a database is only potentially relevant to a 1030(a)(2)(C) claim.

17

license-plate search in a law enforcement computer database in exchange for money in contradiction to his department's policy that database information can only be obtained for law enforcement purposes. *See Van Buren*, 141 S. Ct. at 1652. The Supreme Court agreed that "[t]he 'without authorization' clause . . . protects computers themselves by targeting so-called outside hackers – those who access a computer without any permission at all," and that the "'exceeds authorized access' clause . . . provide[s] complementary protection for certain information within computers . . . by targeting so-called inside hackers—those who access a computer with permission, but then 'exceed' the parameters of authorized access by entering an area of the computer to which [that] authorization does not extend." *Id.* at 1658.

The Supreme Court recognized that "liability under both clauses stems from a gates-up-or-down inquiry—one either can or cannot access a computer system, and one either can or cannot access certain areas within the system." *Id.* at 1658-59. In doing so, the Court explicitly rejected any purpose-based limitation and noted that obtaining information from a database for an improper purpose was not a violation of the CFAA. *Id.* at 1659-62. The Court ultimately held that "an individual 'exceeds authorized access' when he accesses a computer with authorization but then obtains information located in particular areas of the computer—such as files, folders, or databases—that are off limits to him." *Id.* at 1662.

In *hiQ Labs, Inc. v. LinkedIn Corp.*, 31 F.4th 1180 (9th Cir. 2022), the Ninth Circuit further refined the CFAA's scope. There, hiQ scraped LinkedIn profiles that were made visible to the general public. *Id.* at 1185. In response, LinkedIn employed several technological systems to prohibit access to LinkedIn servers via automated bots, to detect suspicious activity, and restrict automated scraping. *Id.* at 1186. LinkedIn even sent hiQ a cease-and-desist letter demanding hiQ stop accessing and copying data from LinkedIn's servers. *Id.*

Nevertheless, the Ninth Circuit determined that hiQ did not violate the CFAA. In doing so, the Ninth Circuit analogized the CFAA as a "breaking and entering" statute

18

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, California 90071
Tel: (213) 896-2530
Fax: (213) 896-2450

and recognized "the CFAA . . . as an anti-intrusion statute and not as a 'misappropriation statute.'" *Id.* at 1196-97. The Ninth Circuit "conclu[ded] that the concept of 'without authorization' does not apply to public websites." *Id.* at 1199; *see also Salinas v. Cornwell Quality Tools Co.*, 2022 WL 3130875, at *9 (C.D. Cal. 2022) ("Web surfers cannot be expected to undertake an expectation of privacy analysis every time they visit a web page."). Similarly, "[s]imply bypassing an IP address, without more, would not constitute unauthorized use." *Facebook,* 844 F.3d at 1068 n.5.

The *hiQ* Court also addressed the withdrawal of permission through a cease-and-desist letter. The Court distinguished withdrawing permission to password-protected websites from scraping data "available to anyone with a web browser." *hiQ Labs*, 31 F. 4th at 1199. The Ninth Circuit concluded that "[i]t is likely that when a computer network generally permits public access to its data, a user's accessing that publicly available data will not constitute access without authorization under the CFAA." *hiQ Labs, Inc. v. LinkedIn Corp.*, 31 F.4th at 1201.

Here, Plaintiff's website appears to be available to the public, and Plaintiff does not allege otherwise. Plaintiff generically and opaquely alleges that it implemented a "comprehensive security strategy," which appears to be nothing more than simply blocking IP addresses. *See* Compl. ¶ 43. These alleged protocols are similar to those rejected in the *hiQ* case, and thus fails to establish that the data was not available to anyone with a web browser. Plaintiff also does not allege that its website is password protected.

Thus, Plaintiff fails to allege that Aspen Tech is circumventing a gates-down limitation or that it withdrew permission to a password-protected website. Therefore, Plaintiff's CFAA and CDAFA claims must be dismissed.

### b.    Plaintiff Fails to Adequately Plead Damages

To maintain a civil action under the CFAA, Plaintiff must allege that Aspen Tech's conduct caused "loss" during any 1-year period aggregating at least $5,000 in

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, California 90071
Tel: (213) 896-2530
Fax: (213) 896-2450

value. *See* 18 U.S.C. §§ 1030(g); 1030(c)(4)(A)(i)(I).[3] The term "loss" is statutorily defined as "any reasonable cost to any victim, including the cost of responding to an offense, conducting a damage assessment, and restoring the data, program, system, or information to its condition prior to the offense, and any revenue lost, cost incurred, or other consequential damages incurred because of interruption of service." 18 U.S.C. § 1030(e)(11). Mere generalizations as to damages are insufficient to support a claim under the CFAA. *DocMagic, Inc. v. Ellie Mae, Inc.*, 745 F. Supp. 2d 1119, 1150 (N.D. Cal. 2010) (dismissing a CFAA claim where the damages alleged in the complaint were "formulaic recitations of the elements of a cause of action"); *Complete Logistical Servs., LLC v. Rulh*, 350 F. Supp. 3d 512, 522 (E.D. La. 2018) (same).

Here, Plaintiff relies on formulistic recitation of damages in its Complaint. Specifically, Plaintiff states that it "suffered damage and loss by reason of these violations including, without limitation, harm to Plaintiff's computer systems, expenses associated with being forced to investigate and respond to the unauthorized access...." Compl. ¶ 48. Plaintiff provides no factual allegations to support this recitation of the law and, thus, fails to adequately plead damages.

### D. Plaintiff's Digital Millennium Copyright Act Claim Fails to State a Cause of Action

Under the DMCA, no person is permitted to "circumvent a technological measure that effectively controls access to a [copyright protected work]." 17 U.S.C. § 1201(a)(1)(A). "[T]o 'circumvent a technological measure' means to descramble a scrambled work, to decrypt an encrypted work, or otherwise to avoid, bypass, remove, deactivate, or impair a technological measure, without the authority of the copyright owner." 17 U.S.C. § 1201(a)(3)(A). "A technological measure 'effectively controls access to a work' if the measure, in the ordinary course of its operation, requires the application of information, or a process or a treatment, with the authority of the

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, California 90071
Tel: (213) 896-2530
Fax: (213) 896-2450

---

[3] Plaintiff does not allege any conduct applicable to the other 1030(c)(4)(A)(i) factors.

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, California 90071
Tel: (213) 896-2530
Fax: (213) 896-2450

1    copyright owner, to gain access to the work." 17 U.S.C. § 1201(a)(3)(B).

2        "[T]he DMCA is aimed at protecting 'the efforts of copyright owners to protect

3    their works from piracy behind *digital walls* such as encryption codes or password

4    protections.'" *Dish Network L.L.C. v. World Cable Inc.*, 893 F. Supp. 2d 452, 464

5    (E.D.N.Y. 2012) (citing *Universal City Studios, Inc. v. Corley*, 273 F.3d 429, 435 (2d

6    Cir. 2001)). "The act of circumventing a technological protection measure put in place

7    by a copyright owner to control access to a copyrighted work is the electronic

8    equivalent of breaking into a locked room in order to obtain a copy of a book." *Id.*

9    (citing H.R.Rep. No. 105–551, pt. 1, at 17 (1998)). Where data is available through

10   other means of access, courts have found that the technological measures did not

11   "effectively control[] access to a work." *See Id.* (dismissing a DMCA claim where the

12   court found the "room" was already "unlocked"); *Digital Drilling Data System LLC v.*

13   *Petrolink Servs. Inc.*, 965 F.3d 365, 376-77 (5th Cir. 2020); *Lenmark Int'l, Inc. v. Static*

14   *Control Components, Inc.*, 387 F.3d 522, 547 (6th Cir. 2004).

15       In *CouponCabin LLC v. Savings.com, Inc.*, 2016 WL 3181826 (N.D. Ind. 2016),

16   the Court found no DMCA violation where a company that implemented "technical

17   safeguards and barriers," including IP blocking, to prevent scraping of its website. The

18   Court recognized that "even after [CouponCabin's] implementation of 'technical

19   safeguards and barriers,' its website remains accessible to user of servers and/or

20   internet service providers that have not been blocked by the [CouponCabin's]

21   technology." *Id.* at *6. The Court found no DMCA violation "[a]bsent allegations that

22   a user of the . . . website is required to apply 'information or a process or treatment' to

23   gain access." *Id.*

24       Here, Plaintiff generally alleges that it implemented "layers of technological

25   protections," which effectively amount to blocking IP addresses. IP blocking is not a

26   sufficient "digital wall" or "technological protection measure" under the DMCA, and

27   Plaintiff does not allege that its website is password protected. Since the website

28   remains accessible to the general public, the alleged "layers of technological

21

1   protections" did not "effectively control[] access to a work." Plaintiff's website, thus,

2   is not alleged to be a locked room which must first be accessed. As such, the DMCA

3   claim must be dismissed.

4       **E.      Plaintiff's California Statutory (*i.e.*, CDAFA and UCL) Claims Fail**

5       **As They Do Not Have Extraterritorial Application.**

6       California law holds a presumption against extraterritorial applications of its

7   statutes. Ordinarily, "the statutes of a state have no force beyond its boundaries." *Oman*

8   *v. Delta Air Lines, Inc.*, 889 F.3d 1075, 1079 (9th Cir. 2018) (quoting *N. Alaska Salmon*

9   *Co. v. Pillsbury*, 174 Cal. 1, 162 (1916)). The test to determine if a California statute

10  applies is whether the conduct creating the liability occurs in California. If the "conduct

11  that 'creates liability' occurs in California, California law properly governs that

12  conduct," but "if the liability-creating conduct occurs outside of California, California

13  law generally should not govern that conduct" unless the California legislature

14  indicates otherwise. *Id.* (*quoting Sullivan v. Oracle Corp.*, 127 Cal.Rptr.3d 185 (Cal.

15  2011)).

16      The California Supreme Court has instructed that "the presumption against

17  extraterritoriality applies to the UCL in full force." *Sullivan*, 254 P.3d at 248. As such,

18  courts have readily dismissed CDAFA and UCL claims when plaintiffs fail to allege

19  that the wrongful conduct creating liability occurred in California. *See, e.g.*, *M Seven*

20  *System Ltd. v. Leap Wireless Int'l, Inc.*, 2013 WL 12072526, at *3 (S.D. Cal June 26,

21  2013) (dismissing CDAFA claims based on alleged access, from a foreign jurisdiction,

22  of computers located in a foreign jurisdiction); *In re Arthur J. Gallagher Data Breach*

23  *Litigation*, 631 F. Supp. 3d 573, 591 (N.D. Ill. 2022) (dismissing UCL claim brought

24  by California and non-California plaintiffs because ransomware attack on Delaware

25  corporation with a principal place of business in Illinois and no allegation that the

26  wrongful conduct emanated from California); *Toretto v. Donnelley Fin. Sols., Inc.*, 583

27  F. Supp. 3d 570, 605 (S.D.N.Y. 2022) (dismissing UCL claim because the "conduct

28  allegedly creating liability…occurred wholly outside of California").

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, California 90071
Tel: (213) 896-2530
Fax: (213) 896-2450

Defendant Aspen Technology Labs, Inc.'s                    Case No.:  2:23-cv-8728
Motion to Dismiss Complaint

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, California 90071
Tel: (213) 896-2530
Fax: (213) 896-2450

Here, Plaintiff does not allege any activity, let alone wrongful conduct creating liability, that occurred in California. Plaintiff is a Delaware company with its principal place of business in Massachusetts, and Aspen Tech is a Colorado corporation with its principal place of business in Colorado. There is no allegation that the alleged wrongful conduct by Aspen Tech was conducted in California. Moreover, the servers hosting Plaintiff's website are not located, nor are they alleged to be located, in California. The CDAFA and UCL claims must be dismissed because the wrongful conduct is not alleged to emanate from California.

F.    **Plaintiff's UCL Claim Fails to State a Cause of Action**

a.    **The UCL Claim is Preempted by the Copyright Act**

The law is well-settled that the Copyright Act preempts California's Unfair Competition Law in circumstances where the rights asserted fall within the scope of copyright protection. *See, e.g.*, *Summit Mach. Tool Mfg. Corp. v. Victor CNC Sys., Inc.*, 7 F.3d 1434, 1439 (9th Cir. 1993); *Maloney v. T3Media, Inc.*, 853 F.3d 1004 (9th Cir. 2017); *Kadrey v. Meta Platforms, Inc.*, 23-CV-03417-VC, 2023 WL 8039640, at *2 (N.D. Cal. Nov. 20, 2023). "Federal patent and copyright laws limit the states' ability to regulate unfair competition." *Summit Mach. Tool Mfg. Corp. v. Victor CNC Sys., Inc.*, 7 F.3d at 1439.

"The UCL broadly prohibits any unlawful, unfair, or fraudulent business act or practice. By proscribing 'any unlawful' business practice, section 17200 borrows violations of other laws and treats them as unlawful practices that the unfair competition law makes independently actionable." *Media.net Advert. FZ-LLC v. NetSeer, Inc.*, 156 F. Supp. 3d 1052, 1074 (N.D. Cal. 2016) (citing Cal. Bus. & Prof. Code § 17200). "To the extent that [a plaintiff] brings [a UCL] claim based on conduct involving subject matter covered by the Copyright Act, the claim is preempted if it implicates rights contained in the Act." *Id.*

In *Kodadek v. MTV Networks, Inc.*, the plaintiff asserted a UCL claim based on the defendant's allegedly unauthorized publication and sale of the plaintiff's

23

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, California 90071
Tel: (213) 896-2530
Fax: (213) 896-2450

copyrighted drawing. 152 F.3d 1209, 1212-13 (9th Cir. 1998). The Ninth Circuit held that the Plaintiff "expressly base[d] his unfair competition claim on rights granted by the Copyright Act." *Id.* at 1213. The court noted in its decision that the Copyright Act granted the copyright's holder the right to reproduce, distribute, and display the work, as well as the right to prepare derivative works. *Id.* (quoting 17 U.S.C. § 106). As a result, the court found that "it [was] clear that [the plaintiff's] state law unfair competition claim [was] based solely on rights equivalent to those protected by the federal copyright laws" and that the Copyright Act preempted the UCL claim. *Id.*

Here, Plaintiff's UCL claim is solely predicated on its putative rights under the Copyright Act. Specifically, Plaintiff alleged that "[a]t all times mentioned herein, Defendant has engaged in 'unfair' business practices. Defendant has maliciously disrupted Plaintiff's business by intentionally and systematically accessing and scraping Plaintiff's automated database, **thereby infringing upon Plaintiff's copyrights**." Compl. ¶ 63 (emphasis added). As Plaintiff has failed to present any other basis for its UCL claim, other than the Copyright Act, the Ninth Circuit has conclusively determined that such a claim must be dismissed. *See Kodadek v. MTV Networks, Inc.* 152 F.3d 1209, 1212-13 (9th Cir. 1998).

### b.    The UCL Claim Fails for Lack of Unfair Conduct

The UCL prohibits unfair competition, including "any unlawful, unfair or fraudulent business act." Cal. Bus. & Prof. Code § 17200. Here, Plaintiff only alleges "unfair" business practice in its UCL claim. Compl. ¶ 63.

"Unfair" conduct is that which violates a public policy "tethered to specific constitutional, statutory, or regulatory provisions." *Scripps Clinic v. Superior Court*, 108 Cal. App. 4th (2003) 917, 940. "A plaintiff alleging unfair business practices [under the UCL] must state with reasonable particularity the facts supporting the statutory elements of the violation." *Khoury v. Maly's, Inc.*, (1993) 14 Cal. App. 4th 612, 617. Furthermore, particularity notwithstanding, a plaintiff cannot maintain a UCL claim if such claim is premised upon deficient underlying violations. *See, e.g.,*

24

1   *Smith v. State Farm Mut. Auto. Ins. Co.*, (2001) 93 Cal. App. 4th 700, 718.

2          Setting aside that Plaintiff's UCL claim is preempted by the Copyright Act, its

3   claim likewise fails because, as demonstrated in Section IV.A, *supra*, the UCL claim

4   is "premised upon deficient underlying violations." Plaintiff has failed to sufficiently

5   plead, *inter alia*, that Aspen Tech directly or derivatively infringed upon Plaintiff's

6   protected copyrights, or that Plaintiff satisfied the conditions precedent to bringing

7   such a claim. Because Plaintiff failed to "state with reasonable particularity the facts

8   supporting the statutory elements of the violation," and the underlying violation is

9   deficient, Plaintiff's UCL claim must be dismissed.

10  **IV.   CONCLUSION**

11          For the foregoing reasons, Aspen Tech respectfully request that the Court

12  dismiss the Complaint under Rule 12(b)(2) and Rule 12(b)(3), or, alternatively, under

13  Rule 12(b)(6).

14

15  DATED: December 22, 2023                    Respectfully submitted,

16                                              HOLLAND & KNIGHT LLP

17

18                                      By      */s/  Stacey H. Wang*_____

19                                              Stacey H. Wang
                                                Shardul Desai
20                                              Qian (Sheila) Shen
                                                Alex M. Englander

21                                              Attorneys for Defendant,
                                                Aspen Technology Labs, Inc.
22

23

24

25

26

27

28

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, California 90071
Tel: (213) 896-2530
Fax: (213) 896-2450

25